```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA


JAMES WOODHAM,                    :
                                  :
          Plaintiff,              :     No. 4:CV-03-0664
                                  :
    vs.                           :     (Complaint filed 04/21/03)
                                  :
DONNA M. DUBAS,                   :     (Judge Muir)
                                  :
          Defendant               :     (Magistrate Judge Smyser)
```

ORDER

June 10, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case was on our July, 2005, Trial List, until we continued the matter *sine die* by our order of June 2, 2005.

On April 18, 2005, Plaintiff James C. Woodham filed a "Motion for Appointment of Counsel" and a brief in support of that motion. After being granted an extension of time in which to do so, Defendant Donna M. Dubas filed an opposing brief on May 13, 2005. Woodham timely filed his reply brief on June 8, 2005. Woodham's motion to appoint counsel is ripe for disposition.

As a threshold matter we note that in a closely related case which was based on some of the facts pertinent to this matter we denied eight motions filed by Woodham to appoint counsel. Woodham attempts to distinguish his currently pending motion from those prior efforts to obtain counsel by repeatedly emphasizing the fact that this "case will without a doubt come down to a credibility issue." (Motion to appoint counsel, p. 2; Brief in

support of motion to appoint counsel, p. 2; Reply brief, pp. 1, 2)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, a court does have broad discretionary power to attempt to appoint counsel under 28 U.S.C. § 1915(d). Tabron v. Grace, 6 F.3d 147, 153, 155-57 (3d Cir. 1993)(setting forth non-exhaustive list of factors to be considered in ruling on motion for appointment of counsel, including the merits of the claims and the difficulty of the legal issues), cert. denied, 114 S. Ct. 1306 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).

The factors listed in Tabron include 1) an evaluation of the merits of the claims at issue, 2) the plaintiff's ability to present the case in light of his or her education literacy, experience, and restraints imposed by incarceration, 3) the complexity of the legal issues, 4) the degree to which a factual investigation is necessary and the degree to which the plaintiff is capable of performing the investigation, and 5) the degree to which the case turns on credibility determinations or expert testimony. Tabron 6 F.3d at 155-56.

In considering such a motion, the Court of Appeals for the Third Circuit has also stated that an indigent litigant should be appointed counsel only

> upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for

>example, from his probable inability without such assistance
>to present the facts and legal issues to the court in a
>complex but arguably meritorious case.

Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

We will apply all of the factors set forth in <u>Tabron</u> to determine whether Woodham has shown that he will suffer substantial prejudice in the absence of counsel.

The merits of Woodham's claims have not been determined at this stage of the litigation. This factor does not weigh heavily in our resolution of Woodham's motion to appoint counsel.

With respect to Woodham's ability to present his case, his pleadings and motions to date, and his performance during the jury trial in his related case, demonstrate his capability to present comprehensible arguments. This factor weighs significantly against Woodham.

The next factor is the complexity of the legal issues. The fundamental issues in this case stem from Woodham's claims that Dubas unlawfully entered his residence on three occasions. The issues are not sufficiently complex to warrant the appointment of counsel.

The final two factors relate to Woodham's ability to investigate the facts underlying his case and the degree to which credibility and expert testimony will influence this case. The facts at issue have been the subject of Woodham's criminal trial in Pennsylvania state court (at which he had been represented by

3

counsel) and the related civil rights action he litigated in this court. Those proceedings, and the discovery he obtained in this case, have provided Woodham an adequate opportunity to investigate the facts. We do not foresee the need for any expert testimony in this case. While credibility will play an important role in the jury's factual determinations, that factor does not weigh sufficiently in Woodham's favor to appoint counsel.

We are of the view that the combination of factors in this case do not constitute sufficient special circumstances which warrant the appointment of counsel for Woodham. *See* Tabron, supra. We will deny his motion to appoint counsel.

NOW, THEREFORE, IT IS ORDERED THAT:

Woodham's motion to appoint counsel (Document 96) is denied.

s/Malcolm Muir  
MUIR, U.S. District Judge

MM:ga