```
            UNITED STATES DISTRICT COURT
                    FOR THE
            MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| JAMES C. WOODHAM, | : | |
| | : | |
|     Plaintiff, | : | No. 4:CV-03-0664 |
| | : | |
|   vs. | : | (Complaint filed 04/21/03) |
| | : | |
| DONNA M. DUBAS, | : | (Judge Muir) |
| | : | |
|     Defendant | : | (Magistrate Judge Smyser) |

<u>ORDER</u>

January 23, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is currently scheduled to be tried on our February, 2006, trial list. Plaintiff James C. Woodham is proceeding *pro se*. In this case he has filed and we have denied two motions for the appointment of counsel.

On January 20, 2006, Woodham filed a document entitled "Application of Indigent Plaintiff for Appointment of Stand By [sic] Counsel and Order." In the document Woodham requests the court to appoint standby counsel to represent him. We will address the application as a motion and rule on it without requiring the parties to file any briefs in connection with the motion.

Our research has failed to reveal a single reported federal case in which standby counsel was appointed to represent a party

in a civil case.[1]  Consequently, we question whether we have the authority to do so.  Even if we assume that we have the authority to appoint such counsel in a civil case, for the reasons stated in our orders denying Woodham's motions to appoint counsel, the circumstances of this case do not justify the appointment of counsel in any capacity.

    NOW, THEREFORE, IT IS ORDERED THAT:

    Woodham's motion for appointment of standby counsel (Document 153) is denied.

                                      s/Malcolm Muir
                                      MUIR, U.S. District Judge

MM:ga

---

1.  The one case we found discussing the issue is the unreported one of In re City of Philadelphia Litigation, 1987 WL 5281 (E.D. Pa. Jan. 9, 1987)(Williams F. Hall, Jr., Magistrate Judge).  In that case the Magistrate Judge appointed standby counsel to represent an indigent defendant who was exposed to "substantial liability" in a "complicated, multi-party action."